# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BUILDING TRADES UNITED
PENSION TRUST FUND, et. al.,**
      **Plaintiffs,**

    v.                                               **Case No. 06C1035**

**LINCOLN PLUMBING, INC., et. al,**
      **Defendants.**

## DECISION AND ORDER

On March 12, 2004, plaintiffs, employee benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA"); individuals appearing as trustees, fiduciaries, participants and beneficiaries of the plans; and Plumbers Local Union 75 initiated this action against defendants Lincoln Plumbing, its owners and its registered agents, under ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 and the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185.

Despite being served with process, defendant Lincoln Plumbing ("Lincoln") has failed to appear. The Clerk of the Court has entered default against Lincoln in accordance with Fed. R. Civ. P. 55(a). Plaintiff filed a application for default judgment against Lincoln and, despite being served with notice of this application, Lincoln has not responded. It is clear that I have subject matter jurisdiction over this action and it appears from plaintiff's complaint that I have personal jurisdiction over Lincoln. Further, as Lincoln is a corporation, it is clear that it is not an infant or incompetent person.

Upon the clerk's entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,

722 F.2d 1319, 1323 (7th Cir. 1983). In the present case, plaintiffs have alleged that Lincoln is an employer in an industry affecting commerce and that Lincoln was a party to a collective bargaining agreement between the Plumbers Local 75 union and the Plumbing and Mechanical Contractors Association of Milwaukee and Southeastern Wisconsin, to whom Lincoln assigned its bargaining rights. Plaintiffs aver that Lincoln violated both the agreement and § 515 of ERISA by failing to make continuing and prompt payments to the plaintiff funds and failing to accurately report employee work status to the plaintiff funds.

> Section 515 states:
>
> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Plaintiffs' allegations, now deemed true, sufficiently establish that Lincoln has violated § 515. ERISA § 502 provides a private right of action for such violation.

Plaintiffs' complaint also alleges that Lincoln's owners and/or agents deducted money from employees' paychecks for working dues to Plumbers Local Union 75, but did not remit such moneys to the union. In support of their application for default judgment, plaintiffs have filed portions of the collective bargaining agreement stating that employees, may, in writing, elect to have their union dues deducted directly from their paychecks, and that Lincoln shall deduct such dues and remit them to the union each month. They have further submitted fourteen employee election forms directing Lincoln to deduct the employees' union dues from their paychecks. Plaintiffs' complaint, in combination with the supplemental materials, establish that Lincoln has violated the collective bargaining agreement. LMRA § 301 provides a private right of action for such violation.

Thus, I turn to damages. Section § 502(g) of ERISA states that in any action brought on behalf of a plan to enforce § 515, where a court awards judgment in favor of the plan, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs ask for an award under this section and under LMRA § 301 in the amount of $220,518.62, along with attorney fees and costs.

Plaintiffs submit that for the audited period, Lincoln did not meet its obligation to contribute: $56,711.72 to plaintiff Building Trades United Pension Trust Fund; $102,659.32 to plaintiff Plumbers Union Local 75 Health Fund; $6,922.24 to plaintiffs Plumbers Union Local 75 Apprenticeship Training Fund; $25,504.01 to plaintiff Plumbers Local 75 401-(k) Plan; $3,556.06 to plaintiff Plumbers Local 75 Industry Advancement Fund; and $1,330.68 to plaintiff Organization and Market Recovery Fund. Plaintiffs further submit that Lincoln did not meet its obligation to remit $7,477 deducted from employees' paychecks for union dues to Plumbers Local Union 75. Plaintiffs ask for default judgment for the total of these unpaid contributions. They have submitted an affidavit in support of these amounts, as well as a copy of Lincoln's most recent annual report and a chart outlining unpaid dues. Plaintiffs further request attorney fees in the amount of $14,018.25 and costs in the amount

of $2,339.34. They have submitted an affidavit in support of these amounts as well as billing records.

Where damages are liquidated (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits), judgment by default may be entered without a damages hearing. See Dundee, 722 F.2d at 1323. Here, damages are liquidated and no damages hearing is needed. As such, I will order that judgment be entered against Lincoln in the amount of $$220,518.62 without further ado.

For the reasons stated above,

**IT IS ORDERED** that plaintiff's application for default judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that the judgment be entered in the amount of $220,518.62 in favor of plaintiffs and against defendant Lincoln Plumbing, Inc.

Dated at Milwaukee, Wisconsin this 6 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge